Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
22 W. Washington Street, Suite 1500
Chicago, IL 60602
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
STEVEN YOUMANS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| STEVEN YOUMANS, | ) |
| Plaintiff, | ) **Case No.:** |
| v. | ) |
| | ) **PLAINTIFF'S COMPLAINT** |
| DIVERSIFIED CONSULTANTS, INC., | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, STEVEN YOUMANS ("Plaintiff"), through his attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

3. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1367, and 15 U.S.C. §1692k.

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is a natural person residing in the Elk Grove, Sacramento County, California.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

10. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

11. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

12. Within the last year, Defendant attempted collect a consumer debt from Plaintiff.

13. Defendant is a collection agency headquartered in Jacksonville, Duval County, Florida.

14. Defendant is a business entity engaged in the collection of debt within the State of California.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

17. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

18. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

19. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

21. Defendant is attempting to collect an alleged consumer debt from Plaintiff, originally owed to AT&T.

22. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

23. Defendant calls Plaintiff of Plaintiff's cell phone at 916-968-72xx in an attempt to collect the alleged debt.

24. Defendant calls Plaintiff from 916-668-4412, which is Defendant's number,

25. Within the last year, Plaintiff answered at least one of Defendant's phone calls.

26. During the aforementioned conversation, Plaintiff told Defendant to stop calling.

27. Despite Plaintiff's request, Defendant continues to call Plaintiff in an attempt to collect the

alleged debt.

28. Defendant calls Plaintiff at an annoying and harassing rate, sometimes calling Plaintiff up to three (3) times in a single day.

29. Defendant called Plaintiff using an autodialer system.

30. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

31. Defendant's phone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

32. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

33. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him.

34. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

35. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

36. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

37. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

38. Despite this, Defendant continued to place repeated collection calls to Plaintiff, on Plaintiff's cellular telephone, using an "automated telephone dialing system."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

39. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

WHEREFORE, Plaintiff, STEVEN YOUMANS, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

40. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

41. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

42. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff repeats and re-alleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

44. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called, when Defendant placed calls

      to Plaintiff up to three (3) times a day and after Plaintiff told Defendant to stop calling;

b. Defendant violated the §1788.11(e) of the RFDCPA by communicating, by telephone, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances when Defendant called Plaintiff up to three (3) times in a single day and after Plaintiff told Defendant to stop calling; and

c. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, STEVEN YOUMANS, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

45. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

46. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

47. Any other relief that this Honorable Court deems appropriate.

**COUNT III**
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

48. Plaintiff repeats and re-alleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

49. Defendant's conduct violated the TCPA by:

a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation

of 47 U.S.C. § 227 (b)(1)(A)(iii).

50. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

52. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, RYAN ERICKSON, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

53. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

54. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

55. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

56. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Agruss Law Firm, LLC

March 26, 2014                                By: /s/ Michael S. Agruss
                                                    Michael S. Agruss
                                                    Attorney for Plaintiff